**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARTURO SALES LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,<br><br>Respondents. | Case No. 1:26-cv-03343-JLT-EPG<br><br>A-Number: 221-452-990<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; DENYING PETITION FOR WRIT OF HABEAS CORPUS; WITHDRAWING THE "NO TRANSFER ORDER" (Doc. 5) AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 1) |

Before the Court is Arturo Sales Lopez's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **DENIES** the petition. (Doc. 1.)

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Guatemala. (Doc. 6-1 at 1.) On an unknown date, Petitioner entered the United States without admission or parole. (*Id*.) On January 31, 2026, Petitioner was arrested in Collier County, Florida, and charged with possession of drug paraphernalia, in violation of Florida Statutes ("Fla. Stat.") § 893.147(1). (*See* Doc. 6-3.) On

February 27, 2026, Petitioner pled nolo contendere to the charge, the state court withheld adjudication, and the state court ordered Petitioner to pay costs. (*Id.* at 2-3.) Petitioner was released from jail that day and then taken into immigration custody. (Doc. 6-1 at 1.) Petitioner was issued a Notice to Appear, charging him with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) (present without admission or parole) and § 1182(a)(7)(A)(i)(I) (not in possession of valid entry document). (Doc. 6-2.) Petitioner was placed at California City Detention Center where she remains. (Doc. 1 at 1.)

On May 15, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights had been violated. (Doc. 1 at 6.) On May 18, 2026, Respondents filed an opposition arguing that Petitioner's detention was mandatory detention under 8 U.S.C. § 1226(c)(1)(A) and § 1225(b)(2). (*See generally*, Doc. 6.) On July 30, 2026, Respondents notified the Court that on June 17, 2026, Petitioner was ordered removed from the United States. (Doc. 8 at 1.) Although Petitioner reserved appeal, the time for appeal has passed without Petitioner perfecting an appeal. (Doc. 8-2.) As such, Respondents argue that Petitioner is no subject to a final order of removal and detained under 8 U.S.C. § 1231(a)(2). 8 U.S.C. § 1101(a)(42)(B); 8 C.F.R. § 1003.3; C.F.R. § 1241.1(c) (an order of removal becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time").

## II.   LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.   DISCUSSION

Because Petitioner was ordered removed on June 17, 2026, (Doc. 8 at 1), and did not file

an appeal within the thirty-day window (*see* Doc. 8-2 at 1), his order of removal is now final. *See* 8 C.F.R. § 1003.38(b)(2); 8 C.F.R. § 1241.1(c) (an order of removal becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time"). Thus, Petitioner's detention is now governed by 8 U.S.C. § 1231(a)(2) and Petitioner is subject to mandatory detention during a ninety-day removal period, as set forth in 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A). *See Gregorio v. Warden*, No. 2:26-cv-00657-JLT-SKO, 2026 WL 810004, at *1–2 (E.D. Cal. Mar. 24, 2026) (finding that petitioner, who failed to appeal the IJ's grant of voluntary departure, was subject to mandatory detention and a final order of removal, thereby denying habeas relief).

"A petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231." *Baires v. Lynch*, No. C 15-03635 RS, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016). Thus, the Court does not consider whether petitioner's initial detention was governed by 8 U.S.C. § 1226(a) or whether that detention violated due process. *Ortega v. Warden of Golden State Annex ICE Detention Facility*, No. 1:25-cv-01856-DAD-CSK, 2026 WL 836323, at *2 n.2 (E.D. Cal. Mar. 25, 2026); *Aguilar Garcia v. Kaiser*, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025) (finding that the detention authority applicable to the petitioner had changed to § 1231 when his removal order became final).

## IV.   CONCLUSION AND ORDER

1.   The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2.   The Court's prior order directing that Petitioner not be transferred, (Doc. 5), is **WITHDRAWN**.

3.   The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   August 6, 2026

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE